UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| UZOAMAKA OKEKE, | ) |
| Plaintiff, | ) |
| v. | ) No. 8:22-cv-1888 |
| HUNTER WARFIELD, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, UZOAMAKA OKEKE, ("Plaintiff"), by and through her undersigned attorney, alleges the following against Defendant, HUNTER WARFIELD, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Maryland Consumer Protection Act, Md. Code, Com. Law tit. 13 ("MCPA").

3. Count III of Plaintiff's Complaint is based on the Maryland Consumer Debt Collection Act, Md. Code, Com. Law tit. 14 ("MCDCA").

### PARTIES

4. Plaintiff is a natural person residing in the City of Gaithersburg, Montgomery County, State of Maryland.

5. Defendant is a Delaware business corporation and national collection agency with its headquarters in the City of Tampa, Hillsborough County, State of Florida.

6. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff allegedly owes one or more debt as that term is defined by 15 U.S.C. § 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from unpaid residential rent.

12. The alleged debts at issue arise from transactions for personal, family, and household purposes.

13. Defendant calls Plaintiff on Plaintiff's mobile telephone at 443-422-7856, in an attempt to collect the alleged debt.

14. Defendant calls Plaintiff from, at least, 844-572-9494, which is one of Defendant's telephone numbers.

15. In or around August 2021, Plaintiff spoke to one of Defendant's male collectors.

16. During the above-referenced call:

    a. Defendant's collector attempted to collect the alleged debt from Plaintiff;

    b. Defendant's collector threatened that Defendant would sue Plaintiff if she did not pay the alleged debt immediately or set-up an acceptable payment plan; and

    c. As a result of Defendant's collector's threat, Plaintiff set-up a payment plan of $150.00 per month.

17. To date, Plaintiff has only paid $300.00 toward the alleged debt.

18. To date, Plaintiff has not paid the debt in full.

19. To date, Defendant has not sued Plaintiff.

20. Defendant has never intended to sue Plaintiff.

21. In addition to the $300.00 Plaintiff was coerced to pay to Defendant, Defendant charged Plaintiff a processing fee of $10.00 per payment.

22. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff into paying the alleged debt.

23. Plaintiff has suffered at least $320.00 in monetary damages as a result of Defendant's statements and actions.

24. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

25. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

26. Defendant's actions further constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to her legally protected interest of her individual privacy.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant coerced payment from Plaintiff with the use of empty threats of legal action;

    b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt

when Defendant engaged in, at least, the following discrete violations of § 1692e;

c. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant coerced payment from Plaintiff with the use of empty threats of legal action;

d. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant coerced payment from Plaintiff with the use of empty threats of legal action;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein;

g. Defendant violated § 1692f(1) of the FDCPA by its collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law when Defendant collected at least $20.00 in unauthorized processing fees from Plaintiff; and

h. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when, at least, Defendant's collector demanded that Plaintiff pay or set up a payment plan immediately, especially under the threat of being sued by Defendant.

WHEREFORE, Plaintiff, UZOAMAKA OKEKE, respectfully requests judgment be entered against Defendant, HUNTER WARFIELD, INC., for the following:

a. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k to be determined at trial;

b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

d. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE MARYLAND CONSUMER PROTECTION ACT

28. Defendant's foregoing conduct violated the MCPA as it was engaging in unfair, abusive, or deceptive trade practices.

WHEREFORE, Plaintiff, UZOAMAKA OKEKE, respectfully requests judgment be entered against Defendant, HUNTER WARFIELD, INC., for the following:

29. Actual damages pursuant § 13-408(a) of the MCPA to be determined at trial;

30. Costs and reasonable attorneys' fees pursuant to § 13-408(b) of the MCPA; and

31. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
## DEFENDANT VIOLATED THE MARYLAND CONSUMER DEBT COLLECTION ACT

32. Defendant's foregoing conduct violated the MCDCA as follows:

a. Engage in any conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act in violation of § 14-202(11) of the MCDCA.

WHEREFORE, Plaintiff, UZOAMAKA OKEKE, respectfully requests judgment be

entered against Defendant, HUNTER WARFIELD, INC., for the following:

33. Actual damages pursuant § 14-203 of the MCDCA to be determined at trial; and

34. Any other relief that this Honorable Court deems appropriate.

                                                RESPECTFULLY SUBMITTED,

August 1, 2022                By: /s/ Michael A. Siddons
                                      Michael A. Siddons
                                        Maryland Attorney #1402200002
                                        THE LAW FIRM OF MICHAEL ALAN SIDDONS, ESQUIRE
                                        20 W. Cherry Street
                                        Rising Sun, MD 21911
                                        Tel: 610-255-7500
                                        Fax: 610-514-5904
                                        msiddons@siddonslaw.com
                                        Attorney for Plaintiff